THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LUIS ZAVALZA-SANCHEZ,<br><br>Defendant. | CASE NO. CR20-0092-JCC<br><br>ORDER |

This matter comes before the Court on Defendant Luis Zavalza-Sanchez's motion to reopen his detention hearing (Dkt. No. 475), his motion to seal (Dkt. No. 477), the Government's motion to seal (Dkt. No. 483), and the Government's motion to file an overlength brief (Dkt. No. 481). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Defendant's motion to reopen his detention hearing and GRANTS the parties' motions to seal and the Government's motion to file an overlength brief for the reasons explained herein.

I.     BACKGROUND

Defendant has been detained pending trial since his July 28, 2020 arrest for Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). (Dkt. No. 378.) Defendant now asks the Court to reopen his detention hearing, arguing that his concerns regarding the COVID-19 pandemic and his daughter's ongoing health condition constitute new

material information that was unknown at the time of his detention hearing. (Dkt. No. 475.) The Government opposes, arguing (1) that this information was known at the first detention hearing and (2) it does not have "a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." (Dkt. No. 482 at 6 (citing 18 U.S.C. § 3142(f)).) The Court agrees. This information Defendant presents was known at the time of his detention hearing. (*See* Dkt. Nos. 127 at 5, 476 at 10.) Consequently, the Court declines to reopen Defendant's detention hearing but will conduct a *de novo* review of the Magistrate Judge's decision to detain Defendant pending trial. *See United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990).

## II. DISCUSSION

### A. Motion to Review Detention Order

A defendant may be detained before trial only if "no condition or combination of conditions will reasonably assure the [defendant's] appearance . . . and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The Government ordinarily bears the burden of proving (1) by a preponderance of the evidence no conditions exist which would reasonably assure the defendant's appearance and (2) by clear and convincing evidence no conditions exist which would reasonably assure the safety of the community. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). However, if the Court finds probable cause to believe the defendant committed a drug offense with a maximum term of imprisonment of at least ten years, there is a rebuttable presumption the defendant should be detained. *See* 18 U.S.C. § 3142(e)(3)(A). This presumption "shifts a burden of production to the defendant" but the Government retains the burden of persuasion. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). "A finding that a defendant is a danger to any other person or the community must be supported by 'clear and convincing evidence.'" *Id.* (citing 18 U.S.C. § 3142(f)(2)(B)).

Defendant was indicted for a drug offense with a maximum sentence exceeding ten years. (*See* Dkt. No. 378.) Therefore, there is a rebuttable presumption that he should remain detained.

Defendant argues release is merited by the heightened risk of his asthma during the COVID-19 pandemic, as well as by the existing health condition of his daughter and his desire to support her. (Dkt. No. 475.) But whether someone is at risk from the COVID-19 pandemic while detained does not affect whether that person is a flight risk or a danger to the community. *Cf. United States v. Dade*, 959 F.3d 1136, 1139 (9th Cir. 2020).

The information presented by the Government shows that, based upon an application of the § 3142(g) factors, detention is warranted. Those factors are as follows: (1) the nature and circumstances of the offense charged, (2) the weight of the evidence, (3) the history and characteristics of the defendant, and (4) the danger to the community the defendant would pose if released. 18 U.S.C. § 3142(g).

### 1. *Nature and Circumstances of the Offense Charged*

Defendant is charged with conspiring to distribute significant quantities of drugs, indicating serious disregard for the safety of others and the community. (Dkt. No. 378.) This offense is serious, especially given the amount and nature of the drugs Defendant allegedly conspired to distribute. (*See id.*) Thus, the nature and circumstances of the offense weigh against pretrial release.

### 2. *Weight of the Evidence*

The strength of the Government's case is the least important factor. *See Motamedi*, 767 F.2d at 1404. Nevertheless, it is still relevant. The Government presents substantial evidence that Defendant was a redistributor of methamphetamine, at least since the time law enforcement first identified his role in the alleged conspiracy, up through the date of his arrest. (Dkt. No. 482 at 3–5.) The Court finds that this factor weighs against Defendant.

### 3. *History and Characteristics of the Defendant*

This factor requires the Court to consider the history and characteristics of a defendant, including "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history

relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3). Defendant has a lengthy criminal history. Just in the last three years, he has been convicted of disorderly conduct, violating two no-contact orders, and domestic violence. (*See* Dkt. No. 127 at 3–4.) Moreover, courts have issued multiple warrants against Defendant for failing to appear, some of which were outstanding at the time of his arrest on the instant offense. (*Id.*) In addition, Defendant is a citizen of Mexico, mitigating any claims of close ties to the local community. (*Id.*) This factor strongly weighs against Defendant.

　　　　4. *Danger Defendant Poses*

Defendant is currently subject to an order prohibiting him from contacting the mother of the child referenced in his motion. (*See* Dkt. Nos. 127 at 5, 475 at 2.) This order, together with his convictions for violating past restraining orders and for assault/domestic violence, show that less restrictive conditions than detention cannot sufficiently assure the community's safety. This factor also strongly weighs against Defendant

Therefore, the Court FINDS that pretrial release is not appropriate and AFFIRMS Defendant's present detention order.

**B. Motion to Seal**

Defendant requests that the Court maintain Exhibits 1 and 2 to his motion under seal because they contain medical records and other personal content. (Dkt. No. 477.) Likewise, the Government requests that Exhibit 1 to its response be maintained under seal because it contains Defendant's medical records. (Dkt. No. 483.)

"[T]here is a strong presumption of public access to [the Court's] files." W.D. Wash. Local Civ. R. 5(g)(3). The presumption of public access may be overcome if the Court finds a compelling reason to seal and articulates a factual basis for its decision. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). The "compelling reasons" standard applies to documents attached to dispositive motions, whereas the lesser "good cause" standard applies to non-dispositive motions. *Id.* at 1180–81. A motion to reopen a detention

hearing is neither fully dispositive nor non-dispositive, so this Court applies the stricter "compelling reasons" standard.

Defendant's medical records and other content contain personal information, the disclosure of which would be harmful. Accordingly, this Court finds there are compelling reasons to seal the documents, which outweigh the public's interest in them. The Court GRANTS the parties' motions to seal.

### C. Overlength Brief

The Government requests leave to file an overlength brief (Dkt. No. 481). Specifically, the Government requests leave to file a 14-page response. (*Id.*) The additional briefing proposed is reasonable because the Government must address the standards for both reopening a detention hearing, improperly raised by Defendant, and reviewing a detention hearing, not addressed by Defendant. Therefore, the Court GRANTS the Government's motion for leave to file an overlength brief.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to reopen his detention hearing (Dkt. No. 475), GRANTS the parties' motions to seal (Dkt. Nos. 477, 483), and GRANTS the Government's motion to file an overlength brief (Dkt. No. 481). The Clerk is DIRECTED to maintain Docket Numbers 476 and 484 under seal.

DATED this 20th day of May 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE