THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

LUIS ZAVALZA-SANCHEZ,

Defendant.

CASE NO. CR20-0092-JCC-10

ORDER

This matter comes before the Court on Defendant's motion for a reduction in sentence and/or compassionate release (Dkt. No. 1182). Having considered the briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

Defendant pleaded guilty to conspiracy to distribute controlled substances. (*See* Dkt. No. 870.) At sentencing, the Court calculated Defendant's criminal history score to be seven, resulting in criminal history Category IV and a sentencing guideline range of 151 to 188 months. (*See* Dkt. No. 940 at 11, 14.) The Court imposed a custodial sentence of 78 months. (*See* Dkt. No. 973 at 2.) Defendant now asks for a reduction in his sentence, pursuant to Amendment 821

ORDER
CR20-0092-JCC-10
PAGE - 1

1
2
3

to the United States Sentencing Guidelines ("USSG"). (*See* Dkt. No. 1182 at 2.)[1] He further

seeks compassionate release based on what he terms to be extraordinary and compelling reasons.

(*Id.*)

4
5
6
7
8
9
10
11
12
13
14
15
16

To qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions must be

met: (1) the defendant must have been sentenced to a term of imprisonment based on a

sentencing range that has been lowered by a retroactively applicable guidelines amendment; and

(2) the sentence reduction sought must be consistent with the Sentencing Commission's

applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per

curiam). A district court does not have jurisdiction to reduce a sentence unless both criteria are

met. *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009). However, "the court shall

not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy

statement to a term that is less than the minimum of the amended guideline range," unless the

defendant received a sentence reduction based on substantial assistance to the United States.

USSG § 1B1.10(b)(2).

17
18
19
20
21
22

Here, under the retroactively applicable amendment codified in USSG § 4A1.1(e),

Defendant's criminal history category would be reduced from Category IV to III, resulting in an

amended sentencing guideline range of 135 to 168 months. *See* USSG Ch. 5, Pt. A Sentencing

Table. Because the sentence previously imposed (78 months) is below this amended range, and

nothing in the record indicates that Defendant qualifies for the substantial assistance exception,

23
24
25
26

---

[1] The request is based on the Sentencing Commission's change to the calculation and application of status points to an offender's criminal history category. (*See* Dkt. No. 1182 at 2.) Amendment 821 reduced or eliminated status points in certain instances. *See* USSG Amendment 821, Part A.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

the policy statement precludes any reduction in Defendant's sentence under 18 U.S.C.

§ 3582(c)(2).

Whereas, to qualify for compassionate release under 18 U.S.C. § 3582(c)(1)(A), amongst other bases, "extraordinary and compelling reasons [must] warrant such a reduction" and be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Defendant bears the burden of proof. *See United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020). As amended, the Sentencing Commission's policy statement treats a number of situations as extraordinary and compelling: (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of the defendant; (4) victim of abuse; and (5) other circumstances similar in gravity to the four previous categories. USSG § 1B1.13(b).

Defendant relies on the fifth and final situation. (*See* Dkt. No. 1182 at 2.) He suggests that participation in a gang disassociation program is similar in gravity to the other categories. (*Id.*) The Court disagrees. "Rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." *Id.* § 1B1.13(d); *but see, e.g., United States v. Slater*, 2022 WL 2441285, slip op. at 1 (E.D. Cal. 2022) (the defendant's rehabilitation, in combination with a change in the federal law, warranted reduction in the defendant's sentence). Defendant further contends that his participation poses a risk of endangerment. (Dkt. No. 1182 at 1–2.) But by his own admission, the Bureau of Prisons eliminated this risk by moving him to protective custody. (*Id.* at 1.) Nor are his other circumstances comparable to those enumerated by the Sentencing Commission as supporting a finding of extraordinary and compelling reasons for a reduction.

Accordingly, Defendant's motion for a reduction of his sentence (Dkt No. 1182) is DENIED.

DATED this 20th day of June 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE